# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE WALKER, an individual,<br><br>                Plaintiff,<br>v.<br><br>STRYKER CORPORATION, a Michigan corporation; STRYKER EMPLOYMENT COMPANY, LLC, a Michigan limited liability company; and DOES 1 to 20, inclusive,<br><br>                Defendants. | Case No.: 22-cv-264-MMA-DDL<br><br>**ORDER DENYING DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S CONTINUED DEPOSITION**<br><br>**[Dkt. No. 52]** |

Before the Court is Defendants' Motion to Compel Plaintiff's Continued Deposition ("Motion"). Dkt. No. 52. Plaintiff opposes ("Opposition"). Dkt. No. 55. For the reasons stated below, the Motion is **DENIED**.

## I.
## BACKGROUND

Plaintiff has sued Defendants, his former employers, for failure to pay commission, breach of contract, and other labor code violations. *See generally* Dkt. No. 23. Discovery has been underway since the entry of a Scheduling Order

///

on April 18, 2022, by the Honorable Jill L. Burkhardt, the magistrate judge previously assigned to the case. *See* Dkt. No. 15.

On July 21, 2022, Plaintiff appeared for deposition in San Diego and testified for approximately six and a half hours. *See* Dkt. No. 52 at 2.[1] The deposition commenced at 10:00 a.m. and continued until 6:18 p.m., when Defendants' counsel terminated the deposition. The transcript reflects the following exchange between counsel at the end of the day:

> MS. BEILKE: So I'm going to be done for today. I understand that you're not agreeing to bring him back, and we'll just deal with the magistrate on that.
>
> MR. GLICK: Okay.
>
> MS. BEILKE: But I can't go anymore, I'm just so tired.
>
> MR. GLICK: Understood. I just want to make a record that my witness is -- Mr. Walker is here, he's ready, willing, and able to continue this deposition today. But I understand that you want to adjourn, so that's -- it is what it is.
>
> MS. BEILKE: Okay. We can go off the record.

Dkt. No. 55-2 at 8.

Defendants now move the Court to compel Plaintiff to testify for an additional three and a half hours. Dkt. No. 52 at 2. Defendants assert that it would be "unfair and highly prejudicial" to deprive them of the opportunity to explore "key issues" they were unable to cover during the first day of Plaintiff's deposition. *Id.* at 5. Defendants further assert that "additional time . . . is warranted" because the deposition was "document-intensive" and the parties' document productions were voluminous. *Id.* at 5-6. Plaintiff opposes Defendants' request for more time

---

[1] All citations are to the page numbers generated by the CM/ECF system.

because Defendants "missed the deadline" to move to compel, and because they have "failed to establish good cause" for additional time.  Dkt. No. 55 at 2.

## II.
## **DISCUSSION**

### A.     **The Motion Is Untimely**

When Defendants took Plaintiff's deposition, Judge Burkhardt was assigned to this matter.  Judge Burkhardt's chambers rules require that the parties promptly meet and confer regarding any discovery dispute and, if unable to resolve the dispute, to contact her chambers. *See* Civil Chambers Rules for the Honorable Jill L. Burkhardt, §§ V.A. and B.  Judge Burkhardt's chambers rules further require the parties to contact her chambers "[n]o later than **30 calendar days** after the date upon which the event giving rise to the discovery dispute occurred," which, for oral discovery, is defined as "the completion of the deposition session during which the dispute arose."  *See id.* at §§ V.B. and E. (emphasis in the original).[2]

Defendants assert that their Motion is timely. Dkt. No. 52 at 6. They reason that Judge Burkhardt's 30-day deadline "appl[ies] only to disputes that arise *during* a deposition" and that "[a]lthough the parties discussed additional time toward the end of Plaintiff's first day of deposition," the dispute "only arose" on September 21, 2022, when Plaintiff's counsel refused Defendants' request to schedule a second day of Plaintiff's deposition.  *Id*.

The Court finds Defendants' argument unpersuasive, primarily because it is contradicted by defense counsel's unambiguous statement that she "underst[ood]"

---

[2] The case was transferred to this Court 32 days after the deposition, on August 22, 2022.  Dkt. No. 38. The parties appear to agree that Judge Burkhardt's rules are controlling.  *See* Dkt. No. 52 at 6; Dkt. No. 55 at 3.  Regardless, the undersigned's chambers rules set forth an identical 30-day deadline for raising discovery disputes and an identical triggering event for deposition-related disputes, and the Court's conclusion that the Motion is untimely would be the same whether Judge Burkhardt's or the undersigned's rules apply.  *See* Chambers Rules for the Honorable David D. Leshner, § III.D.

that Plaintiff's counsel did "not agree[] to bring [Plaintiff] back" and her acknowledgement that the parties would need to "deal with the magistrate on that." Dkt. No. 55-2 at 8.

Moreover, Defendants' position is not supported by a plain reading of Judge Burkhardt's rules, which expressly require the parties to "proceed with due diligence in scheduling and conducting an appropriate meet and confer conference as soon as the dispute arises" but in no event more than 14 days after the discovery dispute is manifest, and thereafter to bring any unresolved dispute to the Court for resolution within 30 days. *See generally* Civil Chambers Rules for the Honorable Jill L. Burkhardt, § V. Defendants did none of that. Instead, and despite recognizing on July 21, 2022 that the parties would need to "deal with the magistrate," Defendants' counsel waited two months to initiate a meet and confer with Plaintiff's counsel and waited an additional two weeks thereafter to raise the dispute with the undersigned's chambers. *See* Declaration of Michele Beilke (Dkt. No. 52-1) at ¶ 4. The Court does not find that counsel's "full schedule," *id.* at ¶ 3, excuses her failure to timely raise the dispute. *See*, *e.g.*, *Mondares v. Kaiser Foundation Hospital*, No. 10–CV–2676–BTM (WVG), 2011 WL 5374613, at *2 (S.D. Cal. Nov. 7, 2011) (declining to re-open discovery to allow counsel to complete depositions because "[e]very attorney who appears before this Court juggles multiple cases and has a busy schedule").

"Deadlines to bring discovery disputes exist for good reason[.]" *In re Ameranth Cases*, 11-CV-1810-DMS (WVG), 2018 WL 1744497 (S.D. Cal. April 11, 2018). The facts here clearly demonstrate that the dispute arose at the conclusion of Plaintiff's deposition, and Defendants fail to establish good cause for their failure to timely bring the dispute to the Court's attention as required by the chambers rules. Accordingly, the Court **DENIES** the Motion as untimely.

///

///

B. **Defendants Have Not Established Good Cause to Compel Further Testimony**

Even if the Motion were timely, the Court would nevertheless deny it for failure to establish good cause to compel further testimony from Plaintiff. *See* Fed. R. Civ. P. 30(d), comment to 2000 Amendment ("The party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order.")

Defendants' asserted need to obtain more testimony from Plaintiff on "key issues" that "go directly to Plaintiff's causes of action" is significantly undermined by their *laissez-faire* approach to obtaining leave to do so. More importantly, however, the Court observes that the factors Defendants cite in support of their request to depose Plaintiff again were largely, if not entirely, within their control.

For example, Defendants state they "were not able to fully examine" Plaintiff about various documents relevant to his claims. Dkt. No. 52 at 4. But they do not explain why this was so. The Court appreciates that making efficient use of a seven-hour deposition can be challenging, but it was nevertheless Defendants' responsibility to do so. *See* Fed. R. Civ. P. 30(d)(1); *see also Scott v. Multicare Health Sys.*, No. C18-0063-JCC, 2019 WL 1505880, at *2 (W.D. Wash. Apr. 5, 2019) (noting that "while parties may wish to cover a wide breadth of topics in a given deposition, they are necessarily required to prioritize their questions in order to remain within the limitations set by the Federal Rules"). The Court's review of the transcript shows that the deposition proceeded without interference from Plaintiff or his counsel.[3] And, as Plaintiff correctly notes, Defendants have not identified "any extraneous circumstances" that prevented Defendants from completing the deposition. Dkt. No. 55 at 5. Rather, at Defendants' election, the

---

[3] At the Court's request, the parties lodged the entire transcript with the undersigned's chambers before the October 13, 2022 Discovery Conference concerning this dispute. *See* Dkt. No. 50.

deposition started at 10:06 a.m., was punctuated by an hour-long lunch break, and was unilaterally terminated by Defendants' counsel at 6:18 p.m. "with 30 minutes and a willing deponent remaining." *Id.*

The Court is likewise not persuaded by Defendants' assertion that they are entitled to further depose Plaintiff because *Defendants* produced "thousands of pages of documents" after July 21, 2022. Dkt. No. 52 at 5. That Defendants were not able to question Plaintiff about their own subsequently produced documents is, again, a problem of Defendants' own making. If it was crucial to depose Plaintiff regarding these documents, Defendants should have produced them before the deposition, either by expediting their document production or by taking Plaintiff's deposition later.[4]

On the record before it, the Court finds that Defendants had ample opportunity to complete Plaintiff's deposition and have therefore not established good cause to re-open it. *See* Fed. R. Civ. P. 26(b)(2)(C)(ii), 30(d)(1). The Court therefore **DENIES** the Motion on this alternative basis.

### III.
### CONCLUSION

For the reasons stated above, Defendants' Motion to Compel Plaintiff's Continued Deposition [Dkt. No. 52] is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 1, 2022

_David Leshner_

Hon. David D. Leshner
United States Magistrate Judge

---

[4] The Court notes that as of July 21, 2022, there were more than two months remaining for the completion of discovery. *See* Dkt. No. 30 (setting a September 26, 2022 discovery cutoff).