# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE WALKER, an individual,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>STRYKER CORPORATION, et al.,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 22-cv-264-MMA-DDL<br><br>**ORDER:**<br><br>1) **DENYING MOTION TO AMEND THE SCHEDULING ORDER;**<br><br>2) **GRANTING IN PART DEFENDANTS' MOTION TO COMPEL; and**<br><br>3) *SUA SPONTE* **VACATING THE PRETRIAL CONFERENCE AND RELATED DEADLINES**<br><br>**[Dkt. Nos. 95, 98]** |

Before the Court are Plaintiff's Motion to Compel [Dkt. No. 95] and the parties' Joint Motion to Amend the Scheduling Order to Continue Trial Date and Contingent Deadlines [Dkt. No. 98]. For the reasons stated below, the Court **DENIES** the motion to amend the pretrial schedule and **GRANTS IN PART** the motion to compel.

///

# I.

# **BACKGROUND**

Fact discovery in this matter closed on November 7, 2022. Dkt. No. 37. Following Judge Anello's ruling on Defendants' motion for summary judgment, however, a "fundamental disagreement on the nature of Plaintiff's theory of the case" arose between the parties. Dkt. No. 86 at 2. Specifically, as related in the parties' Joint Status Report dated January 10, 2024, Defendants took the position that "Judge Anello's summary judgment ruling and/or the allegations pled in the operative Complaint foreclose Plaintiff from pursuing a claim at trial based on the theory that Stryker breached or otherwise violated his terms of employment when it failed to assign him a team sales allocation that did not align with his territory sales." *Id.* Plaintiff did not share that view. *Id.*

The undersigned convened a status conference on January 17, 2024. Despite the parties' assertions that "motion practice [would] help resolve [their] disagreement," and that discovery was "premature," *id.*, it emerged at the status conference that Defendants did not have any specific motion practice planned, and both sides raised concerns about trial preparedness given the disclosure or anticipated disclosure of additional fact witnesses in their respective supplemental Rule 26 disclosures. Accordingly, on January 26, 2024, the Court issued an amended Scheduling Order reopening discovery for the limited purpose of allowing the parties to supplement their Rule 26 disclosures, depose any newly-identified witnesses, and permit supplementation of expert reports to the extent necessary. Dkt. No. 89. Pursuant to the Amended Scheduling Order, the parties were to complete additional fact depositions by April 12, 2024. *Id.* The Amended Scheduling Order contained the following admonition:

> The dates and times set forth herein will not be modified except for good cause shown. **To the extent the parties believe that any motion filed after the date of this Order requires modification of the foregoing schedule, they may jointly so move the Court.**

*Id.* at 3 (emphasis in original).

/ / /

Two months passed. On March 22, 2024, the parties requested a discovery conference, reporting that they had reached impasse on two issues: (1) whether Plaintiff could take the depositions of witnesses listed in Defendants' supplemental disclosures, served on February 16, 2024; and (2) whether Defendant could take additional deposition testimony from Plaintiff on recently identified topics listed in Plaintiff's supplemental disclosures, served November 27, 2023.

The Court convened a discovery conference on March 25, 2024. As to the first disputed issue, the Court noted that the plain language of the Amended Scheduling Order provided that the parties could depose newly-identified witnesses. Nevertheless, at defense counsel's request, the Court set a briefing schedule for Defendants' potential motion for a protective order. *See* Dkt. No. 92. The Court requested the transcript of Plaintiff's deposition to further evaluate the second dispute, which the parties lodged later that day.[1]

The next day, March 26, 2024, the parties jointly moved to continue the discovery deadlines in the Amended Scheduling Order by 30 days. Dkt. No. 91. The parties' joint motion was premised on the discovery disputes referenced above, with the parties noting that if the depositions of Plaintiff and five percipient witnesses were allowed to go forward, "the [p]arties may be forced to potentially take six depositions within the next three weeks." *Id.* at 3. The parties represented there would be no need to continue the pretrial conference or other related deadlines. *See id*. On March 29, 2024, the Court granted the motion, and set May 13, 2024 as the deadline to complete fact witness depositions. Dkt. No. 94. The Court's order granting the parties' motion contained the following admonition:

> **The foregoing schedule will not be modified absent a showing of extraordinary circumstances.** The Court will not consider a failure to cooperate in discovery matters an extraordinary circumstance. All counsel are reminded of their obligation to "proceed with diligence to take all steps necessary to bring an action to readiness for trial." CivLR 16.1.b.

---

[1] After reviewing the transcript, the Court determined additional briefing was necessary and set a briefing schedule that paralleled the schedule for Defendants' motion for a protective order. Dkt. No. 93.

*Id.* at 2 (emphasis in original).

On April 2, 2024, Defendants filed the motion to compel. Dkt. No. 95. Defendants did not, however, file a motion for a protective order with respect to the depositions of five additional fact witnesses. Defendants' motion to compel is premised on the argument that Plaintiff "fundamentally changed his theory of the case" after Judge Anello's summary judgment decision, accusing Plaintiff of either "[lying] at his deposition . . . or . . . lying now." Dkt. No. 95 at 1, 4. To avoid "severe prejudice to Stryker's ability to defend its case," Defendants request an additional 3 hours of deposition time to develop the testimony on Plaintiff's allegedly new theory. *Id*. at 6. On April 9, 2024, Plaintiff timely filed his opposition to the motion to compel. Dkt. No. 96.

On April 12, 2024, Defendants moved pursuant to Rule 11 for case-terminating sanctions, or, in the alternative, evidentiary and adverse-instruction sanctions. Dkt. No. 97. Defendants' motion for terminating sanctions is premised on the argument that Plaintiff's theory of the case has "flipflop[ped]" and he is "pursu[ing] a new legal theory in bad faith." *Id*. at 24. Defendants did not request to continue any pretrial deadlines or to stay discovery and other proceedings concurrently with their Rule 11 motion.

On April 19, 2024, the Court issued a minute order taking the motion to compel under submission. The Court advised the parties it would rule on the motion to compel after the disposition of the Rule 11 motion, having determined that Defendants had presented the same dispute for resolution to both the undersigned and Judge Anello (albeit for different remedies).

On April 22, 2024, the parties filed the instant motion to continue all pretrial deadlines by 60 days.

## II.

## **DISCUSSION**

### A. Motion to Amend the Scheduling Order

Federal Rule of Civil Procedure 16 provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(a)(4). The

4

Court's good cause analysis "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations*, *Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).[2] "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.* (citing Fed. R. Civ. P. 16, advisory committee notes to 1983 amendment).

The Court finds the parties have not been diligent. As the foregoing timeline of events demonstrates, the parties have been aware since at least January 26th of both the need to conduct further depositions and the limited time available to do so. Yet, as of April 22nd – and despite having been granted an additional month to complete the depositions – it appears that not a single witness has been deposed since the entry of the Amended Scheduling Order. Counsel's calculated decision to delay depositions does not establish good cause, much less "extraordinary circumstances" warranting a continuance. Dkt. No. 94 at 2.

That the undersigned took Defendants' motion to compel under submission pending resolution of the Rule 11 motion does not change the Court's analysis. The parties assert that because the hearing on the Rule 11 motion coincides with the deadline to complete depositions, "a ruling [on the motion to compel] will only be issued after the deadline for depositions has passed." Dkt. No. 98 at 3. That is true. But, the motion to compel affects a single deposition: Plaintiff's. Setting aside that Defendants were likewise aware of the purported need to re-depose Plaintiff no later than January, the parties have not explained why the pendency of the motion to compel prevented them from going forward with any other percipient witness's deposition. It did not.[3]

---

[2] All citations and internal quotation marks are omitted unless otherwise noted.

[3] The Court notes Defendants' reference in their motion to compel to nine "recently disclosed" witnesses. Dkt. No. 95 at 6. These witnesses were known to Defendants no later than November 27, 2023, when Plaintiff served his supplemental Rule 26 disclosures. *Id.* at 4. To the extent Defendants believed they needed Plaintiff's testimony to assess

The Court's finding that the parties were not diligent ends the Court's inquiry. *See Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) ("If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted."). The parties' request for an additional 60 days to complete discovery is **DENIED**.

**B. Motion to Compel**

To prevent further delay, and without making any finding as to whether Plaintiff was "[lying] at his deposition" or is "lying now," Dkt. No. 95 at 4, the Court **GRANTS IN PART** the motion to compel. Defendants are hereby given leave to take an additional **one hour** of deposition testimony from Plaintiff. Plaintiff's deposition must be completed by **May 13, 2024**. The parties shall work cooperatively with respect to scheduling and any other logistics of Plaintiff's deposition, which may include taking the deposition outside of normal business hours and conducting the examination by remote means, to ensure compliance with the discovery deadlines set by the Court.

**C. Trial and Trial Readiness Deadlines**

Notwithstanding the foregoing rulings, if granted, the Rule 11 motion will obviate the need for trial. In the interests of judicial economy, and in consultation with Judge Anello's chambers, the Court hereby *sua sponte* **VACATES** the August 6, 2024 trial date, the July 1, 2024 pretrial conference, and all other associated trial readiness deadlines as stated in paragraphs 8 through 15 of the Amended Scheduling Order.

/ / /

/ / /

---

whether to depose any of these witnesses, it was incumbent on Defendants to promptly seek that further testimony. *See City of Lincoln v. Cnty. of Placer*, 668 F. Supp. 3d 1079, 1091 (E.D. Cal. 2023) ("The 'good cause' requirement focuses primarily on the party's diligence and ***its reasons for not acting sooner***.") (emphasis added). Discovery will not reopen after Plaintiff's deposition on the basis of testimony about witnesses known to Defendants since November.

## III.

## CONCLUSION

The Court will not permit the parties to "allow[] discovery to lag" only to "bail [them] out with amendments to the case schedule." *Johnson v. Knight Transportation, Inc.*, No. 1:18-CV-01674-JLT, 2019 WL 6528984, at *4 (E.D. Cal. Dec. 4, 2019). For the reasons stated above:

1. The parties' Joint Motion to Amend the Scheduling Order [Dkt. No. 98] is **DENIED**.
2. Defendants' Motion to Compel [Dkt. No. 95] is **GRANTED IN PART**.
3. **All depositions in this action must be completed by May 13, 2024**.
4. The following deadlines and hearings are **VACATED**:

| Date | Event |
| --- | --- |
| June 3, 2024 | Deadline to make pretrial disclosures |
| | Deadline to file motions *in limine* |
| | Deadline to file memoranda of contentions of fact and law |
| June 17, 2024 | Deadline to file oppositions to motions *in limine* |
| July 1, 2024 | Pretrial Conference |
| July 26, 2024 | Deadline to submit proposed final pretrial order |
| August 1, 2024 | Deadline to file proposed jury instructions |
| August 2, 2024 | Deadline to provide trial exhibits |
| August 6, 2024 | Trial |

*See* Dkt. No. 89. Except as modified herein, all dates and deadlines set in the Amended Scheduling Order remain in effect. Should the action survive Defendants' Rule 11 motion, all parties must be ready to proceed to trial. CivLR 16.1.b.

**IT IS SO ORDERED.**

Dated: April 25, 2024

_____
Hon. David D. Leshner
United States Magistrate Judge