UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE WALKER,<br><br>Plaintiff,<br><br>v.<br><br>HOWMEDICA OSTEONICS CORP., et al.,<br><br>Defendants. | Case No. 22-cv-264-MMA-DDL<br><br>**NOTICE AND ORDER PROVIDING TENTATIVE RULINGS RE: DEFENDANTS' MOTION FOR SANCTIONS**<br><br>[Doc. No. 97] |

    On June 24, 2024, the parties in this action will appear before the Court for a hearing on Defendants' motion for sanctions. In anticipation of the hearing, the Court issues the following tentative rulings.

    The Court tentatively **OVERRULES** both parties' evidentiary objections. As many courts have observed, the Federal Rules of Evidence do not apply to motions for sanctions; the evidence relied upon need only bear indicia of reliability. *See Sentis Grp., Inc. v. Shell Oil Co.*, 559 F.3d 888, 901 (8th Cir. 2009); *Jensen v. Phillips Screw Co.*, 546 F.3d 59, 66 n.5 (1st Cir. 2008). The Court tentatively finds that the challenged evidence bears sufficient indicia of reliability and that the individual objections are without merit.

    The Court tentatively **DENIES** Defendants' motion. The Court tentatively finds that even if the Court accepts that Plaintiff's counsel admitted that Plaintiff received prospective notice of the 2018 change in compensation, there is no evidence that counsel

knew Plaintiff had received prospective notice when he submitted Plaintiff's opposition papers or that his inquiry into the matter was objectively unreasonable. Moreover, the Court tentatively finds that there is no evidence that Plaintiff's summary judgment declaration is a "perjured declaration" such that the Court can find counsel's submission of the declaration was for an improper purpose. For these reasons, the Court tentatively finds that counsel did not violate Rule 11 when he submitted to the Court Plaintiff's opposition papers to Defendants' motion for summary judgment and therefore tentatively **DENIES** Defendants' request for Rule 11 sanctions. For these same reasons, the Court tentatively finds that there is no evidence that Plaintiff or counsel acted in bad faith in opposing summary judgment. Accordingly, the Court tentatively **DENIES** Defendants' motion for inherent authority sanctions on this basis.

Finally, while the Court tentatively finds that Plaintiff's counsel's post-summary judgment conduct is not tantamount to bad faith, the Court has serious concerns over what has transpired, the parties' asserted "fundamental disagreement on the nature of Plaintiff's theory of the case," and the parties' failure to bring this case to trial readiness. Accordingly, the Court intends to clarify the remaining issues and scope of this case at the June 24, 2024 hearing and sets forth the following tentative rulings to that end:

The triable factual issues remaining are whether Plaintiff received reasonable notice of the change from an individual sales to a team-based commissions structure that took effect on January 1, 2018, and whether Plaintiff's continued performance constituted assent to the change.[1] Doc. No. 72 at 16. Both of these issues turn on when and how Plaintiff received notice of the modification, if at all.

To the extent Plaintiff now takes issue with how the percentages were allocated by Jerimiah Wurzbacher after the 2018 modification took effect, and/or that he was not

---

[1] There are also outstanding questions of whether the word "leave" as stated in the COVID Plan equates to Plaintiff's notice of resignation or his last day of work, *see* Doc. No. 72 at 20, and whether the 2018 modification violated California Labor Code § 2751, *see id.* at 23. But these issues are not relevant or related to the issues before the Court at this time.

given notice of or did not consent to Wurzbacher's discretion under the team-based method, the Court tentatively finds that these positions are either foreclosed by Plaintiff's failure to plead the necessary factual allegations sufficient to put Defendants on notice[2] or the undisputed evidence and the Court's rulings at summary judgment.[3]

As these rulings are tentative, the Court looks forward to the oral arguments of counsel.

**IT IS SO ORDERED**.

Dated:  June 20, 2024

HON. MICHAEL M. ANELLO
United States District Judge

---

[2] Namely, Plaintiff pleaded that Defendants breached an express contractual provision calling for 6/14 commissions based on his individual sales. *See, e.g.*, Doc. No. 23 ¶¶ 4, 5, 13, 14, 16, 17, 22, 24, 28, 29, 30, 31.  Plaintiff's pleadings are devoid of any reference to the 2018 modification and in fact set forth that the 6/14 individual sales commissions structure "remains in effect to this day." *See, e.g.*, *id.* ¶ 13.  The Court tentatively finds that Plaintiff cannot now—at this stage and on these pleadings—raise an issue with a commission structure that he pleaded did not exist, including but not limited to Defendants' and Wurzbacher's discretion and methodology under the 2018 amended compensation plan.

Stated differently, the Court tentatively finds that it is irrelevant to Defendants' alleged liability what Plaintiff received in commissions (i.e., the specific percentages) and how Plaintiff received these percentages (i.e., Wurzbacher's discretion in setting the percentages) after 2018 because Plaintiff pleaded he was entitled to 6/14 commissions on his individual sales and the undisputed evidence at summary judgment revealed he was only entitled to such commissions until he became bound by the 2018 modification, if at all.

[3] *See, e.g.*, Doc. No. 72 at 16 ("The Court concludes there is a genuine issue of material fact as to whether Plaintiff received reasonable, prospective notice of the change to his compensation method."); *id.* at 17 ("Plaintiff cannot point to any promise in the Stryker Orthopaedics Overview or elsewhere that Defendants did not have maximum discretion over allocations . . . ."); *id.* at 18 ("Plaintiff does not dispute that Defendants accurately compensated him under the team-based allocation approach." (citing Doc. No. 65 at 10)); Doc. No. 62-1 ¶ 17; Doc. No. 72 at 16 fn.7 ("Plaintiff's breach of contract claim turns on whether the discretionary allocation amendment is binding, which itself turns on whether Plaintiff received reasonable, prospective notice of that change in compensation methodology—not whether Plaintiff received prospective notice of specific allocation amounts."); *id.* at 11 ("Territory alignments and territory allocations will be adjusted as necessary to drive business results." (quoting the Overview)).  Thus, pursuant to the undisputed evidence and the Court's summary judgment rulings, the Court tentatively finds that under California law, Plaintiff agreed to Defendants', including Wurzbacher's, "unfettered discretion" to allocate percentages under the 2018 amendment by continuing to work at Stryker after receiving reasonable notice of the modification, if at all.